WILLIAMS AND BRADFORD
vs.                                    MARCH TERM, 1848.
GEORGE H. WILLIAMS ET AL.

[CHANCERY PRACTICE—PRODUCTION OF BOOKS AND PAPERS.]

SINCE the assembly of 1798, ch. 84, there can be no doubt of the power of this court, in a proper case, to compel either of the parties to a suit to produce books and papers in the possession of the adverse party, which may relate to matters in issue between them.

But, this is a power to be exercised with caution, and the party calling for its exercise should, with a reasonable degree of certainty, designate the books and papers required, and the facts expected to be proved by them.

---

[On the 19th December, 1843, George Williams, of Harford county, applied for the benefit of the insolvent laws of Maryland, and at May term, 1844, of Harford County Court, ob-

tained his final discharge; his son George H. Williams being appointed his permanent trustee. At the time of said application, the insolvent in his schedule stated, that he held one hundred and seventy-five shares of the stock of the Savage Manufacturing Company; of which, fifty-five shares were unincumbered, eighty-five were mortgaged to Birckhead and Pearce, and thirty-five were mortgaged to Martha Weld. The unincumbered shares were sold by the trustee at public sale, and those mortgaged to Birckhead and Pearce were advertised for sale, though no sale of them was made; and the interest of the mortgages in them was subsequently assigned to John S. Gittings. A bill was afterwards filed by the wife of the insolvent, claiming seventy-five of the last mentioned shares as having been purchased with her money, and placed to the credit of John Hawkins, (whose administrator united in her suit,) in trust for her benefit; and a decree was passed in said cause in her favor. This claim was resisted by the present complainants, who also filed their bill against said Elizabeth Williams and others, for the suspension of the proceedings instituted by her, and seeking to enforce claims which they professed to hold against the insolvent, out of the said mortgaged shares; on the ground, that the said shares were bought by the insolvent with his own money, and although conveyed by him to said Hawkins, for the use of his wife, he had done this to defraud his creditors, and had himself always exercised acts of ownership over the property. The claim of said complainants having been resisted, and finding it necessary to examine George H. Williams, the permanent trustee, one of the defendants, and to have the books and papers of the insolvent, who was not a party, produced by said trustee, in whose possession they were, they petitioned for an order for that purpose, which was granted at first, but was subsequently suspended, as to the production of the books and papers, and the matter of the petition set down for hearing. Upon which the Chancellor delivered the following opinion :]

THE CHANCELLOR :

There can be no doubt of the power of this court in a proper case, to compel either of the parties to a suit, to produce books and papers in the possession of the adverse party, which may relate to matters in issue between them.   If the power could have been questioned before, the act of 1798, ch. 84, would dissipate it ; for the legislature by that act, in express terms, conferred upon the Chancery Court power and authority to coerce the production of books, writings or papers, or certified copies of such parts thereof, as contain evidence pertinent to the issue, or relative to the matters in dispute between the parties, either in cases depending in the courts of law, or in this court.

The power, therefore, is free from doubt, but as observed by a former Chancellor, it is a power to be exercised with caution, and the party calling for its exercise should, with a reasonable degree of certainty, designate the books and papers required, and the facts expected to be proved by them.   Unless this is done, the party upon whom the authority of the court is brought to bear, may find it impossible to comply with its order, which yet must be enforced by attachment.

The rules which have governed this court, upon the subject of compelling the production of books and papers, are stated with much precision in the cases reported in 1 *Bland,* 90, *in notes ; and in Duvall* vs. *the Farmers' Bank,* 2 *Bland,* 686.

The petition in this case does not attempt to designate the books and papers called for, nor the facts expected to be proved by them ; and, therefore, is clearly deficient in those qualities which have been deemed essential in applications like the present.   The defendant, George H. Williams, could not comply with the order, without producing all the books and papers in his possession, though the production of many of them might be wholly unnecessary—the facts recorded in them being wholly irrelevant to the matters in issue between these parties— and the exhibition of them embarrass and prejudice him in the administration of his trust.

The original order in this case should have been conditional, and with liberty to the defendant to show cause ; and, therefore,

the order of the 13th of October last, was improvidently passed. The question now, however, comes up on the application to rescind that order; and, as for the reasons stated, I think a sufficient foundation is not laid for the order asked for. It is, thereupon, ordered, that the order of the 12th of December last, suspending so much of the order of the 13th of October last, as required the defendant, George H. Williams, to produce books and papers, be made absolute; and, that the said order of the 13th of October last, to that extent, be, and the same is hereby, rescinded.

[No appeal was taken from this order.]