|  |  |
|---|---|
| EDWARD DUNN ET AL.<br>vs.<br>ERWIN J. COOPER ET AL. | DECEMBER TERM, 1851. |

[CHANCERY PRACTICE—MULTIFARIOUSNESS.]

It is extremely difficult, if not impracticable, to lay down any general rule upon the subject of multifariousness. The Courts, in deciding such cases, are governed very much, if not exclusively, by considerations of conve-

nience, in particular circumstances, avoiding the attempt to prescribe an inflexible rule.

In deciding upon new cases as they arise, the Courts are not to disregard previous decisions; they should be consulted and followed, as far as may be safe, having due regard to considerations of general convenience, and the advancement of justice, by avoiding, on the one hand, unnecessary litigation, and on the other, needless and oppressive expenses.

If a bill be liable to be dismissed for multifariousness, the rule is, that it must be dismissed absolutely and *in toto*, and not retained to any extent, and made the foundation of partial relief.

A bill was filed by creditors attacking certain alleged fraudulent conveyances, and a receiver appointed; there was afterwards an amended bill, attacking other conveyances of the same grantor, and asking that the receiver might be ordered to sell certain property alleged to be in danger of loss; and, upon due notice served upon defendants, an order passed accordingly, and a large amount of property sold by the receiver. Two of the defendants to the original, and one to the amended bill, then came in, and demurred to the latter bill, on the ground of multifariousness. HELD—

That, under the special circumstances of this case, it would be most inconvenient to allow this demurrer to prevail, and that it should, therefore, be overruled.

————

[The original bill in this case was filed, on the equity side of Baltimore County Court, on the 25th of April, 1849, by Edward Dunn and others, creditors of one Erwin Cooper; and after stating said Cooper's indebtedness to them, charges that, on the 3d of April, 1849, said Cooper, then being in a hopeless state of insolvency, executed a mortgage to the Baltimore and Susquehanna Railroad Company, of certain leasehold and personal estate, which mortgage is alleged to have been made with knowledge on the part of the mortgagee of the grantor's insolvency at the time of its execution, and to be fraudulent and void as against his then existing creditors. It also charges that said Cooper, on the 6th of April, 1849, executed to one Joseph P. Grant a deed of trust of all his estate, real and personal, which the bill then proceeds to assail as fraudulent as against creditors. The bill also further states, that Cooper applied for the benefit of the insolvent laws on the 18th of April, 1849; that on the 1st of April, 1849, he had a large amount of property liable to decay and deterioration, and the prayer is for a receiver to take charge of the same, for an account and

general relief.  The defendants to this bill were the Railroad Company, Grant, Cooper, and his insolvent trustee.

A receiver was accordingly appointed, and on the 18th of June, 1849, after answers by all the defendants, the complainants filed an amended bill, the allegations of which, and the other proceedings in the cause, are sufficiently stated in the opinion of the Chancellor.]

THE CHANCELLOR:

This case is submitted to this Court upon the demurrers of three of the defendants to the amended bill, and the arguments in writing of the solicitors of the parties, in support of, and in opposition to the demurrers, have been read, the authorities referred to and examined, and the proceedings carefully considered.

The ground of the demurrer relied upon is multifariousness, and it is confessedly extremely difficult, if not impracticable, to lay down any general rule upon the subject; the Courts, in deciding cases of this description, being governed very much, if not exclusively, by considerations of convenience, in particular circumstances, avoiding the attempt of prescribing an inflexible rule.  *Story's Eq. Pl.*, Secs. 530, 539.  "The conclusion," says Mr. Justice Story, "to which a close survey of all the authorities will conduct us, seems to be, that there is not any positive inflexible rule as to what, in the sense of a Court of Equity, constitutes multifariousness, which is fatal to the suit or demurrer."  "All that can be done in each particular case, as it arises, is to consider whether it comes nearer to the class of decisions where the objection is held to be fatal, or to the other class, where it is held not to be fatal."  *Section* 539.

And I am quite satisfied, that an examination of the numerous cases in which this subject has engaged the attention of the Courts, will show, that an effort to extract from them any fixed and immutable principle, as a guide for all subsequent decisions, will be entirely unsuccessful.  The Courts, to be sure, in deciding upon new cases, as they present themselves, are not to disregard previous adjudications.  They should be

consulted and followed, as far as may be safe, having due regard to considerations of general convenience, and the important object of advancing the administration of justice, by avoiding, on the one hand, the multiplying unnecessary litigation, and on the other, the involving of suitors in needless and oppressive expenses. The difficulty, indeed the impossibility, of laying down any rule or abstract proposition, as to what constitutes multifariousness, which can be made universally applicable, is conceded on all hands. 1 *Daniel's Ch. Pr.*, 384; *Oliver* vs. *Piatt*, 3 *Howard*, 333, 411, 412.

The general object of these bills, original and amended, is to secure the application of the estate of the defendant, Cooper, to the payment of his debts, an object which the bill charges he has endeavored to defeat, by making various fraudulent transfers and conveyances thereof. The defendants are all of them, if the allegations of the bill are true, (and upon the demurrer they must be assumed to be true,) more or less implicated in these charges, though the acts and transfers with which they are respectively connected are separate and distinct. But, regarding the bill as having the object in view which has been mentioned, and seeing that the various acts with which the several defendants are charged are calculated to defeat that object, the case may possibly come within the principle decided in *Brinkerhoff* vs. *Brown*, 6 *John. Ch. Rep.*, 139, 157, which certainly, in some of its features, is not unlike this. Without, however, coming to any positive conclusion upon this subject, or expressing an opinion as to what might have been the fate of these demurrers but for the proceedings upon this amended bill, which have taken place in Baltimore County Court, I think that in the actual posture of the cause, as it is brought before me, it would be altogether wrong to dismiss it, as might be necessary if the demurrers are sustained; the rule being, that if the bill be liable to be dismissed for multifariousness, it should be dismissed absolutely and *in toto*, and not retained to any extent, and made the foundation of partial relief. *Gibbs* vs. *Claggett et al.*, 2 *G. & J.*, 29; *White et al.* vs. *White*, 5 *Gill*, 376.

The amended bill in this case was filed, in Baltimore County Court, on the 18th of June, 1849; and among other things it charges that, besides the deed of trust mentioned in the original bill as having been executed by Cooper to Joseph P. Grant, and which that bill seeks to vacate as fraudulent, the said Cooper had executed to Grant other conveyances, to defraud his creditors, and that a large amount of perishable property was lying exposed, and in danger of loss, unless the same was directed to be sold by the receiver appointed upon the prayer of the original bill. And the amended bill prays that the receiver may be authorized to sell this property, and for general relief, in respect of the new matters spoken of in this bill. Baltimore County Court, on the same day, passed an order that the defendants, Cooper and Grant, show cause against this application, by a day limited, upon notice being served upon them; and notice having been served accordingly, and no cause to the contrary having been shown, the County Court, on the 6th of July, 1849, passed an order, directing the receiver to sell, upon the terms in the order specified; and, as appears by the report of the receiver, filed on the 9th of March, 1850, the sale has actually been made, producing the net sum of $4611 39.

These parties, Cooper and Grant, are parties to the original bill, and parties also to the amended bill, and they are two of the three defendants who have demurred to the amended bill. Now, if this amended bill should be dismissed, either upon their demurrer, or upon the demurrer of Benjamin P. Powers, who was no party to the original bill, it is obvious the utmost confusion and embarrassment will be occasioned. This amended bill has been so far recognised by the Baltimore County Court as to make it the foundation of an order for the sale of a large amount of property, which property has actually been sold and reported to the Court, and although Cooper and Grant, now insisting upon their demurrer, had notice of the application for authority to sell, they wholly omitted to do so, and suffered the order to pass, their demurrer not having been filed until after the absolute order for a sale had passed.

So far, therefore, as Cooper and Grant are concerned, it would seem to be out of the question to sustain the demurrer. Independently of the proceedings which have taken place in the County Court upon the amended bill, it cannot, in my opinion, be regarded as multifarious, so far as Cooper and Grant are concerned; but in view of those proceedings, adopted in part in consequence of their neglect to oppose them at the proper time, it would seem impossible now to say they can, upon demurrer, get rid of the bill. And with regard to the defendant Powers, I am fully persuaded it is better to retain the bill, and suffer the cause to be tried upon its merits, than to dismiss it. If it is dismissed, as we have seen, it must be dismissed absolutely and as against all the parties, no part of it can be retained, or partial relief afforded under it, and hence the embarrassment and confusion which would result from the order of Baltimore County Court passed upon it, and the sale in virtue of that order.

In reference to these cases, the Courts have considered what was convenient, in particular circumstances, rather than in conformity with any absolute rule, and it appears to me that under the special circumstances of this case, it would be most inconvenient, not to say injurious, to allow these demurrers to prevail; and they will, therefore, be overruled.

—

E. G. KILBOURN, for Complainants.
COLEMAN YELLOTT, and JOHN NELSON, for Defendants.

