JESSUP & MOORE PAPER COMPANY *v.*
PETER ZEITLER ET AL.

[No. 22, January Term, 1942.]

*Decided March 3, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*William J. Bratton* for the appellant.

*Omar D. Crothers, Jr.,* and *M. William Adelson,* with whom was *Michael Paul Schmidt* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Peter Zeitler and wife, George E. Dean and Hugh Harvey and wife alleged in a bill of complaint that they own farm lands in Cecil County; that they have been using water from Little Elk Creek, which flows through their lands, for their farm and dairy operations; that the Elk Paper Manufacturing Company and the Jessup & Moore Paper Company have been emptying waste from their paper mills into this creek, causing the stream to become offensive to taste and smell as it passes through the lands of the complainants and making it unfit for their livestock and other use. The bill prayed that the defendant corporations, their agents, servants and employees, be permanently enjoined from emptying waste

from their plants into the creek, whereby the water would be polluted and its quality so affected as to destroy or diminish its rightful use and enjoyment by the complainants.

The defendants demurred to the bill. Appeal was taken by Jessup & Moore Paper Company from an order overruling its demurrer.

The right of a riparian owner to the enjoyment of a stream in its natural flow, quantity and quality has long been recognized as a fundamental principle of law. Every riparian owner is bound to use this common right so as not to interfere with an equally beneficial enjoyment of it by others. The jurisdiction of equity in cases affecting the rights of riparian owners rests upon the necessity of granting relief to prevent permanent injury, or where full and adequate relief cannot be obtained in an action at law, or where it is necessary to prevent vexatious litigation and a multiplicity of suits. *City of Baltimore v. Appold*, 42 Md. 442; *Neubauer v. Overlea Realty Co.*, 142 Md. 87, 98, 120 A. 69; *Caretti v. Broring Building Co.*, 150 Md. 198, 205, 132 A. 619, 46 *A. L. R.* 1; *Livezey v. Town of Belair*, 174 Md. 568, 574, 199 A. 838. Judge Alvey said in an opinion on this subject: "All running streams are, to a certain extent, polluted; and especially are they so when they flow through populous regions of country, and the waters are utilized for mechanical and manufacturing purposes. * * * But any use that materially fouls and adulterates the water, or the deposit or discharge therein of any filthy or noxious substance, that so far affects the water as to impair its value for the ordinary purposes of life, will be deemed a violation of the rights of the lower riparian proprietor, and for which he will be entitled to redress. Anything that renders the water less wholesome than when in its ordinary natural state, or which renders it offensive to taste or smell, or that is naturally calculated to excite disgust in those using the water for the ordinary purposes of life will constitute a nuisance, and for the re-

straint of which a court of equity will interpose." *City of Baltimore v. Warren Mfg. Co.,* 59 Md. 96, 108, 109.

It is contended by the defendants that there is a misjoinder of parties. Courts of equity have always exercised a sound discretion in determining whether parties are properly joined in a suit. The aim of these courts has been to adopt a course which will best promote the administration of justice without multiplying unnecessary litigation on the one hand, and drawing litigants into needless expense or confusion of issues on the other. *Roth v. Stuerken,* 124 Md. 404, 408, 92 A. 808; *Rowbotham v. Jones,* 47 N. J. Eq. 337, 20 A. 731, 19 *L. R. A.* 663. A number of parties may join as complainants in a suit to restrain an act which inflicts an injury common to all of them, affecting them each in a similar way and at the same period of time, so that the same relief may be had in the suit, although they are not all affected at precisely the same instant and in the same degree. In *Block v. City of Baltimore,* 149 Md. 39, 57, 129 A. 887, where a bill was filed by fifty-two complainants to enjoin the municipal corporation of Baltimore from disseminating obnoxious odors in the transportation of garbage, and also to enjoin a reduction company from creating a similar nuisance in the reduction of the garbage, the Court of Appeals recognized that the reduction company had nothing to do with the work of transportation, while the municipal corporation had nothing to do with the work of reduction, and therefore decided that there was a misjoinder of defendants; but the court took occasion to say that the complainants could all join in one bill. In the case now before us the complainants have a cause of action common to them all, and hence they can properly join in one bill. While it is true that they own separate tracts of land, yet they all have a common grievance against the defendants for an injury of the same kind inflicted at the same time on the same stream. The common injury makes a common interest and warrants a common remedy. It is indisputable that the lower riparian owners, all owning land abutting

on the same stream, may jointly sue the paper companies to restrain them from polluting the stream. *Strobel v. Kerr Salt Co.*, 164 N. Y. 303, 58 N. E. 142, 148, 51 *A. L. R.* 687, 79 *Am. St. Rep.* 643.

A bill of complaint is objectionable for misjoinder of defendants when it contains different charges of a distinct and independent nature, with some of which a defendant has no connection. *Fiery v. Emmert*, 36 Md. 464, 473. It has been held that when two or more persons pollute a stream by their concurrent action, causing injury to another person through whose land the stream flows, they are jointly and severally liable for the wrong, and accordingly the injured person may at his option institute a suit and recover damages against any one or all of those contributing to his injury. *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136 P. 899, 50 *L. R. A. (N. S.)* 388. Likewise in equity it is not a sufficient answer to a complaint against the pollution of a stream to say that other persons are committing similar acts causing similar damage along the same stream. Each wrongdoer is liable to a separate action and subject to be restrained. *West Arlington Improvement Co. v. Mount Hope Retreat*, 97 Md. 191, 205, 54 A. 982. But it is equally true that two or more wrongdoers may be joined as defendants in a bill for injunction even though they have acted independently of each other in causing the injury complained of, provided that the injury was the result of their combined wrongful acts.

In accordance with this general rule, it is held by the weight of authority that a riparian proprietor may maintain a suit against several upper proprietors to restrain them from polluting the stream by depositing refuse therein, where the acts of the defendants contributed in creating the nuisance and producing the injurious result, even though the defendants were acting independently and not in concert or by unity of design. *Warren v. Parkhurst*, 186 N. Y. 45, 78 N. E. 579, 6 *L. R. A. (N. S.)* 1149, 9 *Ann. Cas.* 512; 28 *Am. Jur., Injunctions*, Sec. 276. In *Woodyear v. Schaefer*, 57 Md. 1, 12, 40

*Am. Rep.* 419, where a riparian owner sought an injunction to restrain a butcher from emptying offal from a slaughterhouse into the stream, this court said of the complainant's right to an injunction: "He will be entitled to the same relief against all the parties contributing to the injury, and as all are together contributing to the same result, * * * he may be entitled to join in one case all who still continue the injury; upon the principle * * * that the acts of several persons, acting separately, and without concert and entirely independent of each other, may together constitute a nuisance, when the acts of either one alone would not create it, and such persons may be joined as defendants in a bill for an injunction."

In Maine, where sawmills, acting independently of each other, had been depositing refuse in a river, and the refuse was being deposited on the lands of the complainant, the court, in deciding that the defendants could be joined in one bill, declared: "The acts of the respondents may be independent and several, but the result of these several acts combines to produce whatever damage or injury these complainants suffer, and in equity constitutes but one cause of action." *Lockwood Co. v. Lawrence,* 77 Me. 297, 52 *Am. Rep.* 763. In *Woodruff v. North Bloomfield Gravel Mining Co.,* 16 F. 25, 33, where several persons owning mines at various points on the affluents of a river worked them independently of each other, discharging their debris into the stream, by which the debris was deposited in the valley below, creating a nuisance, it was held that the parties creating the nuisance could be joined in one bill to avoid a multiplicity of suits on the ground that they co-operated in fact and actually contributed to the nuisance, the injury being the single result of the action of the debris operating together before it reached the place where the damage was caused. The court stated in that case: "The locality of the nuisance is the common point, like the point of convergence in an hour-glass, upon which the previously aggregated results of the originally inde-

pendent acts of the several defendants concentrate, and jointly operate, and from which the joint effects again radiate and distribute themselves upon all within the reach of their influence." This view was also followed in *United States v. Luce*, 141 F. 385, 411, where it was held that, even though there was no business connection between two defendant factories, and even though the odors from either of them alone would not so contaminate the air as to create a nuisance, nevertheless if the combined odors from both have the effect of producing the nuisance, the two factories co-operate in fact in the creation of the nuisance, and under these circumstances the managers of either or both of the factories may be enjoined from contributing to the maintenance of the nuisance.

So in the case before us the alleged wrongs are not separate and independent. The defendants are alleged to have contributed to the nuisance complained of. The controlling facts are the same. The right claimed and the principles of equity are the same. The same relief is asked against both.

Holding that there is no misjoinder of parties and that the bill of complaint is not multifarious, we affirm the order overruling the demurrer.

*Order affirmed, and cause remanded, with costs.*