## EASTERN STATES CORPORATION *v.* CHARLES EISLER

[Nos. 29 and 30, January Term, 1943.]

*Decided March 17, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*R. E. Lee Marshall,* with whom was *George Cochran Doub* on the brief, for the appellant.

*William Saxon* for the appellee.

COLLINS, J., delivered the opinion of the Court.

These are two appeals from the Circuit Court of Baltimore City. Charles Eisler, appellee, a stockholder of Eastern States Corporation, appellant corporation, filed an amended bill of complaint on July 8, 1942, alleging,

among other things, that the officers and directors of that corporation perpetrated acts which he claimed *ultra vires,* fraudulent and illegal; that the officers and directors of the corporation were unable to administer, manage and conduct, to the best interests of the stockholders, the affairs of the corporation; that the officers and directors had transferred to a number of other corporations, in which they were personally interested, the greater part of the assets of the corporation, thereby causing it to lose about $17,877,853.33. He further alleged that the corporation had been allowed to remain inactive for the past ten or twelve years after the aforesaid assets were transferred; that dividends due the preferred stockholders in the amount of about $6,560,000 had accumulated, while the corporate assets amounted to about $1,956,258. Appellee prayed, among other things, that a receiver be appointed to institute legal proceedings against the officers and directors of the defendant corporation for the recovery of losses by reason of the violation of the trust duties by the officers and directors of the defendant corporation.

The aforesaid amended bill of complaint was filed on July 8, 1942. On July 20, 1942, the appellee filed a petition praying for the examination of the corporate minutes, books and records of the defendant corporation under Discovery Rule 4 of the General Rules of Practice and Procedure adopted by this court pursuant to Chapter 719 of the Acts of 1939, effective September 1, 1941. On July 22, 1942, a demurrer was filed by the appellant to the amended bill of complaint. On July 24, 1942, an answer was filed by the appellant to the petition for the examination of its books. On August 28, 1942, before the demurrer was ruled on, the chancellor below signed an order requiring the appellant corporation to produce: "General Ledgers, Cash Books, Journals, Stock Purchase Records, Stock Sales Records, Accounts Receivable and Accounts Payable Ledgers, Voucher Registers, Notes Payable and Receivable Records, Stock

Transfer and Stock Certificate Books, Check Books, Cancelled Checks and Bank Statements, Receipted Invoices and Vouchers, Petty Cash Vouchers, Accountants' Reports, Minutes of Stockholders and Directors and Committees, Agreements and Contracts of any nature, Correspondence, Appraisal Reports, financial reports of companies in which investments were made, and all other books, papers, documents and records of the respondent relating to the business of the defendant, said production and examination to take place at * * *." The first appeal in these cases is taken from that order.

Discovery Rule 4, Part Two, II, Rules of Practice and Procedure, 1941, provides in part as follows: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court may, at any time in any proceeding (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which may constitute or contain evidence material to any matter involved in the proceeding and which are in his possession, custody, or control; or * * *." Discovery is no new process in the State of Maryland. As early as the year 1796 at law and the year 1798 in equity, methods for obtaining production and inspection of documents and properties have been provided by statute. Previous to the adoption of Discovery Rule 4, *supra*, such discovery was limited to evidence necessary to the party's own case. Under the new rule, the discovery is permitted of "evidence material to any matter involved in the proceeding." This court said in the case of *Williams v. Williams*, 1 Md. Ch. 199, at page 201, in speaking of the power of the court to compel either of the parties to produce books and papers: "The power, therefore, is free from doubt, but as observed by a former chancellor, it is a power to be exercised with caution, and the party calling for its exercise should, with a reasonable degree of cer-

tainty, designate the books and papers required, and the facts expected to be proved by them." *Williams v. Savage Manufacturing Co.*, 3 Md. Ch. 418, 430. In the case of *Bank v. Bank*, 180 Md. 254, at page 260, 23 A. 2d 700, at pages 703 and 704, where one of the reliefs asked for in a bill of complaint was discovery, this court said: "The right of discovery is limited to matter which is material and pertinent to the issue in the case. It cannot be had for matters merely useful in supplying a clue whereby evidence may be found for use in an anticipated case. 17 *Am. Jur.*, p. 11, Sec. 12; p. 14, Sec. 16; 27 *C. J. S., Discovery*, p. 7, Sec. 2; 18 *C. J. Dis.*, Sec. 57, p. 1060, note 57; p. 1068, note 56; 27 *C. J. S., Discovery*, Sec. 3, note 53; Sec. 11, note 6; *Brandenburg v. Buda Co.*, 299 Ill. 133, 132 N. E. 514; *Carden v. Ensminger*, annotation 58 *A. L. R.* 1264; *People ex rel. Lemon v. Supreme Court,* 245 N. Y. 24, 156 N. E. 84, 52 *A. L. R.* 200." *Duvall v. Farmers' Bank*, 2 Bland 686; *Eschbach v. Lightner*, 31 Md. 528; *Goldsborough v. County Trust Company of Maryland*, 180 Md. 59, 22 A. 2d 920.

The order passed by the chancellor in the case now before us, from which the appeal is taken, may be useful in supplying evidence in an anticipated case, but it appears doubtful that, at this stage of the proceeding, all of these books and records are material to any matter involved in the proceeding. The new rule, extending the right of discovery from evidence necessary to the party's own case to evidence material to any matter involved in the proceeding, is not contrary to the interpretations laid down in the cases hereinbefore cited.

This Discovery Rule 4, *supra*, is patterned after Rule 34 of the Federal Rules of Civil Procedure, 28 U. S. C. A. following Section 723c, and we may well look to the Federal courts as to the interpretation of the rule. In the case of *Archer v. Cornillaud*, D. C. W. D. Ky. 1941, 41 F. Supp. 435, at page 436, in which the plaintiff asked for a blanket order for discovery of all the books, documents and records pertaining to the nature and extent

of the business of the defendant, the court, in denying plaintiff's motion, said: "Plaintiff bases his claim to inspect and copy the documents, papers and books of the defendant upon Rule 34 of the Federal Rules of Civil Procedure, 28 U. S. C. A. following Section 723c. But his present motion goes far beyond the scope and purpose of that rule. It is well settled by numerous decisions that the rule was never intended to permit a party to engage in a 'fishing expedition' among the books and papers of the adverse party. Not only must the plaintiff designate specifically the particular books and records that contain the information which he desires, but he must state facts showing that the information contained there is material to the issue. The mere statement of plaintiff's counsel that the information desired is material to the matter involved in the action is a conclusion. See. *Kenealy v. Texas Co.*, D. C. S. D. N. Y., 29 F. Supp. 502; *Welty v. Clute*, D. C. W. D. N. Y., 29 F. Supp. 2; *Thomas French & Sons v. Carleton Venetian Blind Co.*, D. C. E. D. N. Y., 30 F. Supp. 903; *Sonken-Galamba Corp. v. Atcheson, Topeka, Santa Fe Ry. Co.*, D. C. W. D. Mo., 30 F. Supp. 936; *Vendola Corp. v. Hershey Chocolate Corp.*, D. C. S. D. N. Y., 1 F. R. D. 359; *Corteau v. Interlake S. S. Co.*, D. C. W. D. Mich., 1 F. R. D. 525; *Federal Trade Commission v. American Tobacco Co.*, 264 U. S. 298, 44 S. Ct. 336, 68 *L. Ed.* 696, 32 *A. L. R.* 786. The plaintiff's motion does not ask for designated documents but demands 'all records, papers, books,' etc. The plaintiff apparently admits that his motion is essentially a fishing expedition, when his counsel states in his reply brief that it is evident that there are fish in the defendant's pond and 'we think that these fish should be caught and that we have the right to catch them'." *Rosenblum v. Dingfelder et al.*, D. C. S. D. N. Y. 1941, 2 F. R. D. 309; *United States v. Schine Chain Theatres, Inc.*, D. C. W. D. N. Y. 1942, 2 F. R. D. 425; *Clark v. Chase National Bank*, D. C. S. D. N. Y. 1941, 2 F. R. D. 94; *Monarch Liquor Corp. v. Schenley Distillers Corp.*, D. C.

N. D. N. Y. 1941, 2 F. R. D. 51; *Poppino v. Jones Store Co.*, D. C. W. D. Mo. 1940, 1 F R. D. 215.

In the case of *Employers' Mutual Liability Insurance Co. v. Blue Line Transfer Co.*, D. C. W. D. Mo. 1941, 2 F. R. D. 121, 124, defendant, after being served with process, filed a motion for a bill of particulars. The plaintiff then filed a motion to require defendant to produce for inspection its papers, books and accounts, covering a period of approximately five years. The court, in denying the motion, said:

"Counsel for the plaintiff at the argument upon the several motions indicated that there are no cases precluding discovery before the issues are made up. The plaintiff's motion for the production and inspection of documents was filed under Rule 34 of the new rules, 28 U. S. C. A. following Section 723c. Pertinent provisions of this rule are: 'Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection * * * which constitute or contain evidence material to any matter involved in the action.'

"The courts have had occasion to discuss the stage of the pleadings at which such a motion might be maintained. Mr. Holtzoff, in his admirable commentary on 'New Federal Procedure and the Courts,' at page 92, epitomizes and digests the rulings of the courts in the following apt language: 'Moreover, such a discovery should not be permitted until an answer is filed, since, until joinder of issue, it cannot be determined whether or not the desired documents or objects constitute or contain evidence material to an issue in controversy.' This text was supported in *Piest v. Tide Water Oil Co.*, D. C., 26 F. Supp. 295; *Kenealy v. Texas Co.*, D. C., 29 F. Supp 502.

"The plaintiff, however, in an elaborate brief seeks to overcome the plain, clear and unmistakable language of the rule by citing and quoting from a formidable array

of authorities. These have been carefully examined. Conceivably a case might arise where discovery might be ordered before issue joined as indicated in *Moore's Federal Practice*, Vol. 2, p. 2637, and according to an excerpt quoted by counsel. Such is not the case at bar."

*Federal Trade Commission v. American Tobacco Co.*, 264 U. S. 298, 44 S. Ct. 336, 68 *L. Ed.* 696, 32 *A. L. R.* 786.

Appellee, in contending that the discovery granted at the present stage of the case is proper, refers us to a number of cases. There is nothing in the case of *Fishman v. Marcouse*, D. C., 32 F. Supp. 460, 463, to indicate that a responsive pleading had not been filed. The court further said in that case that a plaintiff, before he is granted a sweeping discovery, must somehow convince the court that there is at least reasonable ground to believe that a cause of action exists, and can be proved if necessary facilities are afforded him. The case of *Ex Parte Connaway*, 178 U. S. 421, 20 S. Ct. 951, 44 *L. Ed.* 1134, is not under the Discovery Rule and is not in point. In the case of *United States v. Schine Chain Theatres, supra* (2 F. R. D. 426), the court said: "The justification for a discovery of documents connected with the matters aforesaid is sufficiently shown by the complaint and the supporting affidavit." In *Mackerer v. New York Central R. Co.*, D. C., 1 F. R. D. 408, 409, 410, there is nothing in the opinion to show what pleadings had been filed when the discovery was granted. As stated in the case of *Saxton v. W. S. Askew Co.*, D. C., 38 F. Supp. 323, 325, the tendency of the rules and modern procedure is to do away with every possible feature of "trial by surprise." It was further stated in that case: "Under the pleadings, the nature of the case, and the facts produced in the oral argument, the motion for production and inspection is deemed sufficient." The court said in the case of *Monarch Liquor Co., v. Schenley Distillers Corp, supra* (2 F. R. D. 52) : "Plaintiff, simply because he does not know the documents needed, cannot

have an order for a general inspection of all of defendant's records."

It must be noted that Discovery Rule 4, *supra*, provides that, upon motion of any party showing good cause, the court may, at any time in the proceeding, order any party to produce books and accounts which may constitute or contain evidence material to any matter involved in the proceeding. The defendant, by his demurrer, contended that the amended bill of complaint did not allege facts sufficient to constitute a cause of action and entitle the plaintiff to relief. Assuming that the chancellor would sustain the demurrer, which he later did, there was no cause of action and therefore no matter involved in the proceeding to which the books and records were material. A demurrer to the whole amended bill admitted the facts well pleaded. *Roth v. Stuerken,* 124 Md. 404, 409, 92 A. 808; *Mays v. Mays,* 176 Md. 159, 162, 4 A. 2d 121. This demurrer is in substance an allegation by a defendant, which, admitting the matters of fact stated by the plaintiff in his bill to be true, yet as set forth, are insufficient for the plaintiff to proceed upon or to oblige the defendant to answer. *Equity Procedure, Miller,* p. 169, Sec. 131. "In all cases where any ground of defence is apparent on the face of the bill itself, either from matter contained in it, or from defects in the frame of it, or in the case made by it, the proper mode of defence is by demurrer; and as it may be the means of preventing an useless and protracted litigation, as well as a ruinous expense to the parties, it cannot be reasonably supposed that the Legislature designed to cut off this mode of defence to the bill." *Mayor, Etc., of Baltimore v. Weatherby,* 52 Md. 442, 448. As noted in the case of *Employers' Mutual Liability Insurance Co. v. Blue Line Transfer Co., supra,* cases might conceivably arise where discovery might be ordered before issue joined and this court does not intend to hereby flatly rule that the remedy of discovery as provided for by Rule 4, *supra,* should never be granted until issue is joined, but

the instant case is not one of these. In the case now before us, for the reasons hereinbefore given, the order being too general at that stage of the proceeding, the order of August 28, 1942, must be reversed.

Appellee contends and moves that this order of August 28, 1942, is interlocutory and therefore not the subject of appeal. By filing the demurrer, appellant questioned the jurisdiction of the court and until the demurrer was ruled upon, it is questionable whether the passage of this order was within the discretion of the court. As was said by this court in the case of *Gottschalk v. Mercantile Trust Co.*, 102 Md. 521, 522, 62 A. 810, 811: "It is not necessary at this late day to cite authorities in support of the well-settled doctrine that an appeal will not lie from an order or decree passed in the exercise of an undoubted discretion of the lower court. But the question whether the subject-matter of the order or decree was within the area of the discretion of the court which passed it is open to examination upon an appeal in the same case, for a court cannot improvidently extend the exercise of its discretion to matters which lie beyond its legitimate reach. *It re Farmers' Loan Co.*, 129 U. S. 206, 215, 9 S. Ct. 265; *Cecil v. Negro Rose*, 14 Md. (64), 68, 69." *Emory v. Faith*, 113 Md. 253, 257, 77 A. 386; *Beilman v. Poe*, 120 Md. 444, 446, 88 A. 131; *Forbes v. Warfield*, 130 Md. 397, 407, 100 A. 630. It therefore appears that the appeal from this order is properly before this court.

On October 8, 1942, the chancellor sustained the demurrer to the amended bill of complaint and a few days later, a petition was filed by the defendant to vacate the order of August 28, 1942, for the reason that the demurrer to the bill of complaint was sustained. On November 19, 1942, an order was passed by the chancellor denying that petition and the second appeal to this court is from that denial. When the appeal was taken to this court on August 31, 1942, from the order of August 20, 1942, for the examination of the books, all jurisdiction of

536

the chancellor ceased and he therefore had no jurisdiction to pass any further order in this case. *Universal Realty Corp., Inc. v. Felser,* 179 Md. 635, 643, 22 A. 2d 448. Therefore, the appeal from the order of November 19, 1942, must be dismissed.

> *Order of August 28, 1942, reversed.*
> *Appeal from the order of November 19, 1942, dismissed. Costs to be paid by the appellee.*