SUN DIAL CORPORATION ET AL. *v.* FINK ET AL.

[No. 82, October Term, 1956.]

redacted heading

*Decided, per curiam, December 5, 1956.*

*Opinion filed January 9, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*James C. Burch* and *Richard C. Murray,* with whom was *W. Lee Harrison* on the brief, for the appellants on the motion to dismiss.

*Bernard M. Goldstein* for the appellees on the motion to dismiss.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the chancellor passed, after a pre-trial conference in an equity proceeding to enjoin the use of trade secrets by a former employee and for an accounting, upon the court's own motion and over the objection of the complainants, directing that the trial "be separated into two

parts to determine the following issues: 1. Do the Plaintiffs have a trade secret or trade secrets entitled to legal protection against the Defendants? 2. If so, are the Defendants illegally using the trade secret or trade secrets of the Plaintiffs?" The order also denied a motion for inspection of the defendants' business premises, inspection of certain answers to questions put to one of the defendants, theretofore required to be filed in a sealed envelope subject to further order of court, and discovery of certain documents, "without prejudice to the renewal of said requests after the trial of the case on the first issue". The court further ordered the president of one of the plaintiffs to answer questions in his deposition, relating to the details of the trade secret and secret processes and methods allegedly owned by the plaintiffs, within fifteen days, to be filed in a sealed envelope and copies made available only to the parties and their counsel. The appellees filed a motion to dismiss the appeal, which we granted in a *per curiam* opinion, after hearing argument. We now state the reasons for our action.

It is, of course, a general rule that an appeal from an interlocutory order is premature. *Waverly Mut. Build. Asso. v. Buck,* 64 Md. 338, 342. This rule has been held to be applicable to rulings in connection with discovery. *Barnes v. Lednum,* 197 Md. 398; *Hallman v. Gross,* 190 Md. 563. Both of these cases distinguished the earlier case of *Eastern States Corp. v. Eisler,* 181 Md. 526, relied on by the appellants here. In that case it was held that an order for discovery, passed at a time when the jurisdiction of the court had been challenged by demurrer and the case was not at issue, was an abuse of discretion. Whether we would follow the *Eisler* case beyond the factual situation there presented need not be now decided, for in the instant case an answer had been filed and the case is at issue on the merits. Moreover, the complainants are hardly in a position to object to the precautions taken by the chancellor to guard against public disclosure of the alleged trade secrets, and it does not appear that the denial of their motion for immediate inspection is in any way prejudicial or beyond the chancellor's discretion. Cf. *Lever Bros. Co. v. Proctor & Gamble Mfg. Co.,* 38 F. Supp. 680 (D. C. Md.). That portion of the order is certainly not final.

The chief complaint of the appellants seems to be that the chancellor required them to separate the trial into two parts. The General Rules of Practice and Procedure, Part Two, III, Rule 5 (a) provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, * * * or of any separate issue, * * *." This rule is expressly made applicable to suits in equity as well as actions at law. The language of the rule is identical with that of Rule 42 (b) of the Federal Rules, which has been frequently construed to authorize the separate trial of issues in a single case. See *Zenith Radio Corp. v. Radio Corp. of America,* 106 F. Supp. 561, 577, and cases cited. The appellants contend that the application of our rule should be limited to cases involving multiple causes or parties, because it is included under the general heading "Joinder of Parties and Claims; Third Party Practice". We note that in the new Rules effective January 1, 1957, Rule 501 (a), in identical words, is included under a broader heading, so that the argument could not be made in a future case, nor would a reversal on this point seem to prevent a separate trial of issues on remand. Moreover, it has been held that a separate trial of issues is within the discretion of a trial court, even in the absence of statutes or rules on the subject. *Dixon Livery Co. v. Bond,* 86 S. E. 106 (Va.). We think it is unnecessary to pass on the question, since the order passed is not a final one and the appeal is premature.