## SONKEN–GALAMBA CORPORATION et al. v. ATCHISON, T. & S. F. RY. CO. et al.

### No. 124.

District Court, W. D. Missouri, W. D.
Dec. 21, 1939.

I. J. Ringolsky, William Boatright, and Harry Jacobs of Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., for plaintiffs.

Geo. Mersereau and Dean Wood of Lathrop, Crane, Reynolds, Sawyer & Mer-

sereau, Ellison A. Neel of Cooper, Neel & Sutherland, and Leslie A. Welch, all of Kansas City, Mo., for defendants.

OTIS, District Judge.

Plaintiffs' two motions to produce documents (one filed December 16, 1939, the other filed December 18, 1939) should be overruled.

Rule 34, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "Upon motion of any party *showing good cause* therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any *designated* documents, papers, books, accounts, letters photographs, objects, or tangible things, not privileged, *which constitute or contain evidence material to any matter involved in the action* and which are in his possession, custody, or control; * * *." (We have italicized for emphasis certain words and phrases in the rule).

■ We consider that it was never intended by the Supreme Court that this rule should be used as a dragnet on any fishing expedition. Properly interpreted it cannot be so used. The motion to produce must show good cause, i. e., by a statement of facts, not mere conclusions, why the order prayed should be made. It must *designate* the document sought and show that *that* document contains *material evidence.* Obviously these requirements cannot be complied with if it cannot be known whether the document contains material evidence *until after it has been produced and inspected.*

■ ■ The documents sought in these motions are described in such general omnibus language that they are not "designated" at all. Moreover, generally, we have no showing that they contain material evidence except the statement of the movant's conclusion. Where we do have more than that (as in two subdivisions of the motions) we believe, as at present advised, that the allegation of materiality is erroneous.

■ There is another reason why several subdivisions of these motions should be overruled. They call for "all" documents, satisfying a certain general description, coming to the defendants during periods of years (three years in one instance, ten years in another instance). It was represented at the argument of the motions that weeks of labor and great cost would be necessary to comply with an order to produce such documents and those representations obviously are true. But if the rule is construed so as to bring about such a result probably it is invalid. Certainly a plaintiff cannot compel a defendant to come into court and subject him to great costs *before there is any judgment against him.* The Fifth Amendment, U.S.C.A.Const., stands in the way.

The motions are overruled. So ordered.