**THOMAS FRENCH & SONS, Limited, v. CARLETON VENETIAN BLIND CO., Inc.**

**No. 507.**

District Court, E. D. New York.

Dec. 26, 1939.

H. C. Bierman, of New York City, for plaintiff.

John B. Cuningham, of New York City (Hector M. Holmes, of Boston, Mass., of counsel), for defendant.

CAMPBELL, District Judge.

This case comes before the Court on two motions made on behalf of the plaintiff.

1. Motion to compel the defendant to answer the interrogatories heretofore filed in this case, and to which objections have been filed by defendant.

2. Motion for production of specimens and documents.

I will consider the motions separately, and as they are related, one opinion will suffice.

The interrogatories to which defendant objects are interrogatories Nos. 1, 2, 3, 5, 6, 7 and 8.

Plaintiff not only asks that defendant answer the interrogatories enumerated, but also objects to the answer to interrogatory No. 4, that however, I will not consider as the notice of motion contained no mention of the answer to interrogatory No. 4, being insufficient, nor was a further answer required.

Interrogatories Nos. 1, 2 and 3 may technically be considered as calling for an opinion, but that is true as to everything we see, if called upon to describe it, as we must form an opinion as to what we hear and see, but considered in the broader and more liberal sense, those interrogatories do not call for the opinion of the one answering, but only what he saw and understood.

That a sample of the ladder web, which defendant admitted knowing, was given to plaintiff, does not conclude plaintiff, as it believes other kinds were used, and it has a right to know whether any ladder web other than the same was used by defendant, subsequent to the issuance of the patents in suit.

That some words of a claim may be used does not prevent the plaintiff from propounding those interrogatories, as they may be the only words that are descriptive. The inquiry is not directed to a method, but to the facts disclosed by observation.

Interrogatory No. 5 calls for an opinion, and need not be answered, in view of the answer to interrogatory No. 4.

Interrogatory No. 6 calls for an opinion, and need not be answered.

Interrogatory No. 7 is not proper, and need not be answered.

Interrogatory No. 8 in view of my ruling on interrogatory No. 6, need not be answered.

Defendant's objections to interrogatories Nos. 1, 2 and 3 are overruled, and those interrogatories must be answered.

Defendant's objections to interrogatories 5, 6, 7 and 8 are sustained, and they need not be answered.

The motion for production of specimens and documents, I will now consider.

The demands are Nos. 1, 2, 3, 4 and 5.

This motion is made pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and so much thereof, as is necessary for consideration, on this motion, reads as follows: "Rule 34. Discovery And Production Of Documents And Things For Inspection, Copying, Or Photographing

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to pro-

duce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *."

All that is presented is the notice of motion, and of its presentation. No affidavit accompanies the notice of motion showing good cause, nor are the papers sought so designated that the Court can determine their admissibility.

A showing by affidavit of good cause, and admissibility by affidavit is clearly required by the Rule, and that an affidavit should be furnished appears by the form 24, Appendix of Forms, 28 U.S.C.A. following section 723c, referred to in Rule 84.

Under Rule 34 the specimens or documents that may be ordered produced, etc., are limited to those in the possession · or control of the party against whom the order is made, whereas in every instance the demand on this motion is for "those known to or in the possession of the defendant".

The demands all relate to alleged prior uses, and presumptively the things demanded are in the possession and control of the users and not the defendant, and this pre-. sumption is not rebutted by any proof by affidavit in support of the motion.

The words "any and all", used in the demands, are not sufficiently descriptive to advise plaintiff of what is required, nor to make it possible for the Court to rule on any specific objection that might be made to the granting of these demands.

Undoubtedly, the Rules are to be liberally construed (Rule 1), but it was never intended .by these Rules to revolutionize the practice by allowing fishing excursions.

The second and fourth demands, if limited only to ladder webs in the possession and control of the defendant, might be allowed, but all of the others are in all respects too general. The words "relating to" do not of themselves show that the documents described are admissible, and the court could not intelligently rule on specific objections to their. allowance.

The motion for production of specimens and documents is denied, with leave to renew within ten days on proper papers.