## VENDOLA CORPORATION v. HERSHEY CHOCOLATE CORPORATION et al.

District Court, S. D. New York.
May 18, 1940.

Edward Carey Cohen, of New York City, for plaintiff.

Shearman & Sterling, of New York City, for defendants Hershey Chocolate

Corporation and Chocolate Sales Corporation.

Blake & Voorhees, of New York City, for defendants Peter Cailler Kohler Swiss Chocolates Co., Inc., and Lamont, Corliss & Co.

Sol A. Rosenblatt and William B. Jaffe, both of New York City, for defendants Sanitary Automatic Candy Corporation and Berlo Vending Co.

Bogart & Lonergan, of New York City, for defendant Confection Cabinet Co.

LEIBELL, District Judge.

This is a motion to compel answers to questions upon an examination before trial. Some 350 pages of testimony containing more than 1,100 questions and answers, interspersed with long colloquys between attorneys, have been submitted to the court and the request is made to pass upon answers to questions, criticized only in the most general way, or upon answers given which are alleged to be evasive, or the failure to answer.

In its notice of motion, plaintiff, because of the asserted failure of defendants to comply with an order for their examination before trial, asks for drastic alternative relief amounting to summary judgment in its favor and including an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing defendants to pay the reasonable expenses of this motion, including attorney's fees.

I shall direct the following witnesses to answer the questions designated below:

Charles L. O'Reilly:—Questions numbered 167, 186, 191, 230, 240, 241, 275, 285, 297, 389, 390, 391, 392, 422, 423, 440;

Jacob Beresin:—Questions numbered 62, 90, 99, 144, 199, 232, 233, 236, 295;

Benjamin Smerling:—Questions numbered 40, 41, 45, 53, 68, 71;

Clive C. Day:—Questions numbered 51, 52, 88, 92;

William F. R. Murrie:—Questions numbered 63, 64, 75, 85.

In directing these answers, I intend no criticism of the counsel who advised the witnesses not to answer. Their objections were not frivolous but rather were made in an honest and intelligent effort to protect the rights of their clients. In addition, I have not found that the attitude of any witness was such as can be characterized as evasive.

██ Plaintiff also requests "an order pursuant to Rule 34, subdivision (1) Rules of Civil Procedure, compelling all and singular the defendants, except Peter Cailler Kohler Swiss Chocolates Company, Inc. and Lamont, Corliss & Company, to produce at their own expense all of their books, documents, papers and records which are relevant and relate to the subject matter of the examination before trial, with the privilege to the plaintiff to inspect the same at the office of plaintiff's attorney, Suite 1605, 1440 Broadway, Borough of Manhattan, New York City, on such day and days as the Court shall designate, or in the absence of such designation, as the plaintiff's attorney shall designate".

The very wording of this request warrants its denial. The essential element of any demand for the production of documentary evidence is that it designate the documents with respect to which an inspection is desired. Rule 34 requires a designation. See Kenealy v. Texas Co., 29 F.Supp. 502, 503. Throughout the examination, the witnesses offered to produce books or papers if plaintiff would specify those which he desired. He has not made such a designation here.

██ Ordinarily, a motion of this kind can be ruled upon without written comment. Here, however, plaintiff has presented a matter that is so unwarrantedly burdensome that something should be said to discourage this practice. Were it not for the fact that I think plaintiff's attorney has misconstrued the purposes of an examination before trial, I would be inclined to impose the penalty of expenses and counsel fees upon the moving party. In any future proceedings in this case, it should be borne in mind that examinations before trial are in aid of discovery. The right to inspection and discovery is covered by Rule 34.

Motion granted to the extent indicated; otherwise denied.