328

**FORT WAYNE CORRUGATED PAPER CO.
v. ANCHOR HOCKING GLASS COR-
PORATION et al.**

No. 305.

District Court, W. D. Pennsylvania.

June 18, 1940.

See, also, 31 F.Supp. 403; 4 F.R.D. 272.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for plaintiff.

Elder W. Marshall, John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a suit in which plaintiff is seeking: (1) a decree that defendants continue to purchase from plaintiff their requirements of shipping containers, as pro-

vided by contracts Exhibits "A", "C", and "F" attached to the complaint; and an injunction restraining defendants from making any purchases of such shipping containers from others, to the extent that defendants are required by said contracts to purchase the same from plaintiff: (2) damages for the defendants' breach of said contracts: (3) a declaratory judgment declaring its rights under two leases, Exhibits "D" and "E", attached to the complaint: and (4) damages under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 38 Stat. 730 for alleged violations of said acts.

The execution of the contracts "A", "C", and "D" and "E" are admitted, but it is denied that D. A. Thompson had any authority to execute contract, Exhibit "E", in the name of Anchor Hocking Glass Corporation, averring that the use of that name was a mistake, and that the corporation involved was the "Anchor Hocking Glass Corporation of Pennsylvania".

Defendants deny the breach of said contracts, and also deny any violation of the anti-trust laws. They aver that plaintiff is entitled to no relief in this case.

Contract "Exhibit A" is dated September 13, 1921, and is between Capstan Glass Company of Connellsville, Pa., as "buyer" and plaintiff as "seller". It provides that the "buyer" shall purchase from the "seller" ninety per cent of its requirements in shipping containers during the period beginning on or before October 21, 1921, and ending October 24, 1926, subject to the proviso that agreement might be annulled by either party on one year's notice to the other party; and that at the expiration of the five-year term, if no notice of annulment was given, this agreement automatically continued in force until such time as notice of its annulment was served by either of the parties upon the other.

Contract "Exhibit C" is dated January 20, 1930, and is between the same parties as Exhibit "A". It provides for the purpose by "buyer" from "seller" of seventy-five per cent of "buyer's" requirements of shipping containers.

Contract "Exhibit F" is dated April 1, 1938, and is between "Anchor Hocking Glass Corporation" as "buyer" and plaintiff as "seller". It makes some modifications in the contract of September 13, 1921 (Exhibit A), as to quantities of goods furnished, etc.

It is admitted by the pleadings that on and after September 13, 1928, the capital stock of the Capstan Glass Company was almost wholly owned by Anchor Cap Corporation, Delaware corporation, which, on or about January 1, 1938, changed its name to "Anchor Glass Corporation"; that early in 1938 the corporate name of the Capstan Glass Company was changed to "Hocking Glass Corporation of Pennsylvania."

Plaintiff has moved for the production of documents under provisions of Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and filed interrogatories under Rule 33. The defendants have filed objections to some of the items in each of these matters.

### I. Production of Documents under Rule 34

This rule is addressed to "designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action."

As we construe this rule, the plaintiff must: (1) designate the documents; (2) show facts from which the court may conclude that the documents constitute or contain "evidence material to any matter involved in the action"; and (3) show that the documents are in the possession, custody or control of the defendants. This rule may not be used for mere fishing excursions into the affairs of an adversary. See Thomas French & Sons v. Carleton Venetian Blind Co., D.C., 30 F. Supp. 903; Sonken-Galamba Corporation v. Atchison, T. & S. F. R. Co., D.C., 30 F.Supp. 936."

The plaintiff's motion is supported by the affidavit of H. M. Treen, who avers that the documents enumerated are all in the possession and control of the defendants, and who avers on the question of materiality as follows:

"All the documents, agreements and papers referred to in the accompanying action relate to the activities of the defendants in diverting the business of the Anchor Hocking Glass Corporation of Pennsylvania to other plants in order to avoid purchasing corrugated paper and fibre containers from the plaintiff in accordance with the contract between the parties.

"The first eight items in the motion refer to the negotiations leading up to the formation of the Anchor Hocking Glass Corporation and the closing of the plant of Anchor Hocking Glass Corporation of Pennsylvania at South Connellsville. Items 9 to 11 include evidence of the activities of the defendants in redistributing the business of Anchor Hocking Glass Corporation of Pennsylvania after the closing of the plant at South Connellsville. Items 12, 13 and 14 are important in connection with the anti-trust averments in the amended complaint. Items 15 and 16 will indicate specific items of damage which the plaintiff has suffered as a result of the closing of the plant at South Connellsville."

Plaintiff's motion specifies sixteen items to be produced. Defendants have indicated their willingness to produce for the inspection of plaintiff the documents specified in paragraphs numbers 1, 9, 11, 15, and 16 of the motion, with the understanding that the documents mentioned in paragraphs numbers 15 and 16 are to be inspected at defendants' offices in Lancaster, Ohio. This condition appears reasonable, and an order for the production of the documents mentioned in these paragraphs will be made accordingly.

Defendants are opposing the production for inspection of the balance of the items mentioned in plaintiff's motion. These we shall now consider.

*Items 2 to 8, inclusive*

 The items called are all minutes of the Anchor Cap Corporation and the Hocking Glass Company relating to the formation of the Anchor Glass Corporation; all correspondence between Anchor Cap Corporation or its officers, and William E. Levis or R. H. Levis, Owen-Illinois Glass Company or Illinois Glass Company, and Hartford Empire Company, relating to the formation of the Anchor Hocking Glass Corporation; and all correspondence between the Hocking Glass Company and William E. Levis, R. H. Levis, Owens-Illinois Glass Company, or Hartford Empire Company, relating to the formation of the Anchor Hocking Glass Corporation.

As we see it, none of the items called for can have any material bearing upon the contract-relations between the plaintiff and the defendants, nor the breach of any such contracts. Treen's affidavit makes no statement as to materiality of these items in regard to the issues in the case. If their use is intended in connection with defendants' alleged violation of the anti-trust laws, then there is nothing in Treen's affidavit which will show that the correspondence mentioned has anything to do with the alleged anti-trust activity charged by plaintiff against the defendants. In addition to all that, the use of the word "all" in connection with these minutes and this correspondence would seem to indicate that the plaintiff is engaged in a fishing excursion rather than the production of specified documents. The plaintiff's motion as to these items will be denied.

### Interrogatories Objected to by Defendants

Plaintiff has propounded thirty-three interrogatories to be answered by defendants.

*Interrogatories 1 to 6*

Defendants make no objections to these interrogatories.

*Interrogatories 7 to 11*

 These interrogatories ask for the volume of glass manufactured and shipped by defendants and their predecessors prior to the alleged breach of the contract with plaintiff, and subsequent thereto.

Defendants object, contending these interrogatories inquire about matters irrelevant and immaterial to the issues in this case. The plaintiff contends that the matters inquired about are material in fixing the amount of damages to which it contends it is entitled.

We sustain defendants' objection. We cannot see that the volume of sales of glass has any bearing upon plaintiff's damage claim. If the plaintiff were inquiring about the volume of shipping containers purchased by defendants, we can see how that might have some bearing on plaintiff's damage claim. The objection to these interrogatories will be sustained.

*Interrogatories 13 to 18*

These interrogatories inquire about license agreements between the defendants and certain other corporations. Defendants object, contending these inquiries relate to matters not relevant to the issue in this case. The plaintiff contends the inquiries are relevant to the charge of conspiracy in restraint of trade. From the statement in the interrogatories, we are unable to determine whether this

is so or not. If the licenses inquired about are licenses to use patented inventions, we cannot see any relevancy without further showing. The objections to these interrogatories will be sustained.

## Interrogatory 20

 This interrogatory is directed to the amount of dues paid by defendants to the Glass Container Association. Plaintiff contends it is entitled to this information, as the answer will disclose the amount of sales by defendants of glass products.

We cannot see that these sales have any bearing on any damages plaintiff may be claiming. As we have heretofore indicated, the volume of shipping containers purchased by defendants might have a bearing on this matter, but not the volume of sales of glass. This objection will be sustained.

## Interrogatories 21 to 26, inclusive

These interrogatories relate to information and reports received by defendants from the Glass Container Association, and the production quota allotted to certain plants in the glass industry.

Defendants object that these matters are not relevant to any issue in this case. Certainly they are not relevant to any issue of involving the alleged breach of the contracts sued on. We can see that they might be relevant to charge of conspiracy to restrain trade. However, neither the Glass Container Association nor any of the other parties alleged to be involved in this alleged conspiracy are parties to this suit. And we do not see how we can pass on their participation in a conspiracy in restraint of trade without their being parties to this suit. Yet we will sustain this objection to the interrogatories, subject to the right of plaintiff to renew them, if it hereafter appears they are relevant to any issue which we may pass on in this suit.

## Interrogatories 28 and 29

These interrogatories are directed to shipping containers purchased by defendants. Defendants are objecting because this is a matter irrelevant to any issue in this case. In our view, it is material to the issue of this case to know the volume of containers purchased by defendants from others than the plaintiff. To that extent the interrogatories will be answered by defendants. They need not disclose the price paid, nor the name of the seller.

## Interrogatories 30 to 33, inclusive

These interrogatories are directed to the financial status of defendants, and an analysis of their inter-company accounts.

Defendants object that these interrogatories relate to matters not relevant to any issue in this case. We agree this is so. This objection will be sustained.

An order in accordance with this opinion may be submitted on notice to opposing counsel.