**WINKELMAN et al. v. GENERAL MOTORS CORPORATION et al.**

District Court, S. D. New York.

March 6, 1941.

See, also, 22 F.Supp. 255.

Charles Winkelman and Lawrence Berenson, both of New York City (Bernard Berenson, of Boston, Mass., and Arthur Berenson, of New York City, of counsel), for plaintiffs.

John Thomas Smith, of New York City, for defendants General Motors Corporation, Alfred P. Sloan, Jr., Albert Bradley, Donaldson Brown, James D. Mooney, John Thomas Smith, John J. Schumann, Jr. and Clarence M. Woolley.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendants Junius S. Morgan, Seward Prosser and George Whitney.

Wiley, Willcox & Sheffield, of New York City, for defendant E. I. DuPont de Nemours & Co., Inc.

David Sher, Ralph M. Carson, and John G. Laylin, all of New York City, of counsel for all of above named defendants.

MANDELBAUM, District Judge.

The plaintiffs move for discovery and production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The application is strenuously opposed on various grounds, i. e., that the plaintiffs are not entitled to any inspection of the documents covering a period prior to 1929; that Judge Knox has previously decided that any recovery must be limited to a period starting sometime in 1929; that Judge Leibell, in a previous motion for summary judgment which he granted in favor of three defendants, has held that no acts were alleged to show any conspiracy on the part of the defendants prior to 1929; that the plaintiffs have the information they seek in that much of what is requested now was submitted on prior motions and finally that the plaintiffs have ignored the requirements of Rule 34.

At the outset, I might state that the omnibus character of plaintiffs' motion, without a full explanation appearing in the supporting affidavits as to the relevancy of the documents might be enough to defeat the application. Kenealy v. Texas Co., D.C., 29 F.Supp. 502; Thomas French & Sons v. Carleton Venetian Blind Co., Inc., D.C., 30 F.Supp. 903. However, I will not pass upon that question since I believe that several other meritorious grounds exist for the denial of the plaintiff's application.

From a history of this consolidated suit dating from its inception until the instant motion, it appears that the allegations in the complaint dealing with alleged wrongful acts of the defendants prior to 1929 were stricken out by Judge Knox on the theory that the plaintiff could not delve into the affairs of the corporation occurring before they became stockholders thereof. The present discovery seeks the production of documents relating to a time prior to 1929 for the reason that the wrongs committed were continuing wrongs from 1918 and that the plaintiffs were entitled to establish the events leading up to 1929 which is the period from which any recovery may be had. It seems to me that the circumstances surrounding these entire transactions preclude the plaintiffs from obtaining this discovery and production of documents. Not only are Judge Knox's rulings a bar, but Judge Leibell, I believe, has effectively disposed of any claim of conspiracy from 1918 to 1929 in deciding a motion for summary judgment in favor of three defendants. Further, it appears that much of the information sought by plaintiffs has already been obtained from the defendants, not only

by voluntary transmission directly to them but also through the voluminous exhibits and affidavits filed in the proceeding before Judge Leibell. It is also significant that the plaintiff in the Kahn suit consolidated with the present action does not join in the request for relief.

The motion is denied.