**ARCHER v. CORNILLAUD.**

No. 116.

District Court, W. D. Kentucky,
Paducah Division.

Oct. 31, 1941.

Albert Karnes, of Paducah, Ky., for
plaintiff.

E. Palmer James and Wheeler & Shelbourne, all of Paducah, Ky., for defendant.

MILLER, District Judge.

The plaintiff George Archer sues on behalf of himself and on behalf of all other
employees of the defendant similarly situated to recover unpaid wages which he alleges to be due from the defendant under
the Fair Labor Standards Act of 1938, 29
U.S.C.A. § 201 et seq.

The defendant by his answer denies the
right of the plaintiff to sue on behalf of
other employees alleged to be similarly situated but who are not named in the complaint. The answer also traverses many allegations of the complaint and pleads affirmative defenses, including the claims that
the defendant's business was intrastate
commerce instead of interstate commerce
and was also predominantly a retail business exempt from the application of the
Act. The plaintiff thereupon filed a motion that the defendant produce and permit
the plaintiff to inspect, copy and photograph

"all records, papers, books, accounts, contracts, and letters and other objects and tangible things which pertain to the nature and extent of the defendant's business and which more particularly pertain to the nature and extent of the defendant's wholesale and retail transactions and his interstate and intrastate transactions, and the names and addresses of the persons, firms, and corporations with which said transactions were had." The motion, which is signed only by the attorney for the plaintiff, further states that the documents, books and papers referred to contain evidence material to the matter involved in this action. The defendant objects to the order requested by the plaintiff's motion.

The Court has had several occasions recently to pass upon the right of an employee to prosecute an action like the present one on behalf of other employees alleged to be similarly situated, but not referred to in the complaint. The question is discussed in its opinion in Shain v. Armour & Company, D.C.W.D.Ky., 40 F.Supp. 488. In accordance with the views expressed in that opinion the Court sustains as a matter of law the second defense set up by the defendant in his answer. The action will proceed on behalf of only those who show that they are similarly situated and indicate by the record herein their approval of this action in their behalf.

Plaintiff bases his claim to inspect and copy the documents, papers and books of the defendant upon Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But his present motion goes far beyond the scope and purpose of that rule. It is well settled by numerous decisions that the rule was never intended to permit a party to engage in a "fishing expedition" among the books and papers of the adverse party. Not only must the plaintiff designate specifically the particular books and records that contain the information which he desires, but he must state facts showing that the information contained there is material to the issue. The mere statement of plaintiff's counsel that the information desired is material to the matter involved in the action is a conclusion. See Kenealy v. Texas Co., D.C. S.D.N.Y., 29 F.Supp. 502; Welty v. Clute, D.C.W.D.N.Y., 29 F.Supp. 2; Thos. French & Sons v. Carleton Venetian Blind Co., D.C.E.D.N.Y., 30 F.Supp. 903; Sonken-Galamba Corp. v. Atcheson, Topeka, Santa Fe Ry., D.C.W.D.Mo., 30 F.Supp. 936; Vendola Corp. v. Hershey Chocolate Corp.,

D.C.S.D.N.Y., 1 F.R.D. 359; Courteau v. Interlake S. S. Co., D.C.W.D.Mich., 1 F. R.D. 525; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786. The plaintiff's motion does not ask for designated documents but demands "all records, papers, books," etc. The plaintiff apparently admits that his motion is essentially a fishing expedition, when his counsel states in his reply brief that it is evident that there are fish in the defendant's pond and "we think that these fish should be caught and that we have the right to catch them."

Plaintiff's motion is overruled.