**STEWART–WARNER CORPORATION**
**v. STALEY.**

No. 3342.

District Court, W. D. Pennsylvania.

Feb. 3, 1945.

334

See also 2 F.R.D. 446.

Williams, Bradbury & Hinkle, of Chicago, Ill., and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., and Elder W. Marshall, Chauncey Pruger, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

On October 16, 1944, counterclaimant filed two motions for the production of documents under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, listing seventeen categories of documents required. These documents are not precisely described in these motions other than to call for all documents of certain categories; and some of them call for agreements made by the Alemite Corporation and the Bassick Manufacturing Company, alleged to be subsidiary corporations of plaintiff. There is no showing by affidavit that these documents are in plaintiff's possession, custody or control, or that they contain evidence material to the issue in this case.

On January 15, 1945, defendant-counterclaimant's counsel, Leonard L. Kalish, filed an affidavit in support of these motions to produce, in which he states that, during the taking of depositions in the case of Jiffy Lubricator Company v. Alemite Co., 4 F.Supp. 273, one Frank J. Schuck, manager and president of the Alemite Company, Limited, of North Dakota, produced three contracts of the category mentioned in the counterclaim,—two between Stewart-Warner Corporation and the Alemite Company of the Dakotas, and one between Alemite Corporation and the Alemite Corporation of the Dakotas; and that in the course of deposition of Daniel G. Adams in the instant case, three agreements were produced between the Alemite Corporation and Adams Grease Gun Corporation, and a letter from the Alemite Corporation to the Adams Grease Gun Corporation, stating that jobbers and dealers might henceforth freely trade with that company.

The affidavit further states that by subpoena duces tecum on Sinclair Refining Company, an agreement of January 6, 1928, was produced between Bassick Manufacturing Company and Sinclair Refining Company, whereby the latter company agreed not to purchase lubricating equipment from any manufacturers other than the Alemite Company.

Even supported by this affidavit of Kalish, we are of the opinion that these motions do not meet the requirements of Rule 34; because of the lack of designa-

tion of the precise documents to be produced; because there is no showing that documents "contain evidence material to any matter involved in the action"; and also because there is no showing that any of the documents sought is in plaintiff's possession, custody or control.

Rule 34(1) provides: " * * * Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody or control; * * *. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

█ █ We have heretofore had occasion to construe Rule 34 in Fort Wayne Corrugated Paper Company v. Anchor Hocking Glass Corporation, 4 F.R.D. 328:

"This rule is addressed to 'designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action.'

"As we construe this rule, the plaintiff must: (1) designate the documents; (2) show facts from which the court may conclude that the documents constitute or contain 'evidence material to any matter involved in the action'; and (3) show that the documents are in the possession, custody or control of the defendants. This rule may not be used for mere fishing excursions into the affairs of an adversary. See Thomas French & Sons v. Carleton Venetian Blind Co., D.C., 30 F.Supp. 903; Sonken-Galamba Corp. v. Atchison, T. & S. F. R. Co., D.C., 30 F.Supp. 936."

Judge Gibson of this court made a similar ruling in Heiner v. North American Coal Corporation, 3 F.R.D. 63.

A similar ruling was made by Judge Miller in Archer v. Cornillaud, D.C., 41 F.Supp. 435, at page 436, in which he said: "Plaintiff bases his claim to inspect and copy the documents, papers and books of the defendant upon Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But his present motion goes far beyond the scope and purpose of that rule. It is well settled by numerous decisions that the rule was never intended to permit a party to engage in a 'fishing expedition' among the books and papers of the adverse party. Not only must the plaintiff designate specifically the particular books and records that contain the information which he desires, but he must state facts showing that the information contained there is material to the issue. The mere statement of plaintiff's counsel that the information desired is material to the matter involved in the action is a conclusion. See Kenealy v. Texas Co., D.C.S.D.N.Y., 29 F.Supp. 502; Welty v. Clute, D.C.W.D.N.Y., 29 F.Supp. 2; Thos. French & Sons v. Carleton Venetian Blind Co., D.C.E.D.N.Y., 30 F. Supp. 903; Sonken-Galamba Corp. v. Atchison, Topeka & Santa Fe Ry. Co., D.C.W.D.Mo., 30 F.Supp. 936; Vendola Corp. v. Hershey Chocolate Corp., D.C. S.D.N.Y., 1 F.R.D. 359; Courteau v. Interlake S. S. Co., D.C.W.D.Mich., 1 F.R.D. 525; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786. The plaintiff's motion does not ask for designated documents but demands 'all records, papers, books,' etc. The plaintiff apparently admits that his motion is essentially a fishing expedition, when his counsel states in his reply brief that it is evident that there are fish in the defendant's pond and 'we think that these fish should be caught and that we have the right to catch them.'" See also opinion of Judge Woolsey in United States v. American Optical Co., D.C., 2 F.R.D. 534, 536, in which he said on page 536: "(3) I hold that such a designation in a motion under Rule 34 must be sufficiently precise in respect of each document or item of evidence sought to enable the defendant to go to his files and, without difficulty, to pick the document or other item requested out and to turn to the plaintiff saying 'Here it is'."

█ If the defendant-counterclaimant does not have sufficient information to describe the documents which he desires to inspect, or to aver that they are in the control of the plaintiff, he may take the depositions of plaintiff's officers to obtain the exact information as to the existence,

description, custody and location of the documents which constitute or contain evidence material to any matter involved in this suit.

■ So far as the documents called for in counterclaimant's motions are documents of the corporations known as the Alemite Corporation or the Bassick Manufacturing Company, these corporations are not parties to this suit; and we have therefore no right to compel them to produce any documents, because Rule 34 applies only to parties to the action. These corporations are not such parties.

Defendant-counterclaimant's motions to require plaintiff to produce documents under Rule 34 will therefore be denied, without prejudice to counterclaimant's right to renew them on proper showing, as required by Rule 34.