### CONDRY v. BUCKEYE S. S. CO.
### Civil Action No. 67.

District Court, W. D. Pennsylvania.
March 2, 1945.

the Great Lakes and connecting waters. The plaintiff alleges that decedent's death was caused by negligence on the part of the defendant.

Plaintiff has filed a motion for the production of documents under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendant is objecting, on the ground that the documents called for, do not come within the rule.

We have many times had occasion to construe this rule. As we construe it, the plaintiff must: (1) Designate the documents; (2) show facts from which the court may conclude the documents constitute or contain evidence material to the matters involved in the suit; (3) show that the documents are in the possession, custody, or control of defendant.

Our latest opinion on this rule was given February 3, 1945, in Stewart-Warner Corporation v. Staley, 4 F.R.D. 333. See also Ft. Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corporation, 4 F. Supp. 328; Heiner v. North American Coal Corporation, D.C., 3 F.R.D. 63; Thomas French & Sons v. Carleton Venetian Blind Co., D.C., 30 F.Supp. 903; Sonken-Galamba Corporation v. Atchison T. & S. F. R. Co., D.C., 30 F.Supp. 936; Archer v. Cornillaud, D.C., 41 F.Supp. 435, 436; United States v. American Optical Co., D.C., 2 F.R.D 534; Kenealy v. Texas Co., D.C., 29 F. Supp. 502.

Considering now the plaintiff's motion in the light of the foregoing decisions, we hold that the crew-list and the log of the steamer called for as Items Nos. 1 and 2 of the plaintiff's motion, are sufficiently identified, and that their materiality is apparent. The motion will be granted as to these two items.

As to the remainder of the items called for in plaintiff's motion, Nos. 3, 4, and 5—i.e., reports and statements made to defendant by the officers and members of the crew—and also photographs of the coal-bunker involved in the accident, we are of the opinion that the motion to produce must be denied. There is no showing that any such documents exist, or that they contain evidence material to any issue in this case. Under the rules, of course, the plaintiff might by discovery depositions develop the facts as to the existence of the documents. But until this existence is established so that the documents asked for can be identified and this materiality estab-

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., and Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Brooks, Curtze & Silin, of Erie, Pa., and Duncan, Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio, for defendant.

SCHOONMAKER, District Judge.

This is an action wherein plaintiff seeks to recover damages for the death of Gerald J. Condry, a coal passer on a merchant steam vessel known as the "Alexander McDougall", engaged in the basin of

lished, there can be no order to produce under Rule 34. Counsel for plaintiff apparently conceives Rule 34 to be available for discovery purposes. But it is not; it is only a proceeding for the production of designated documents which contain material evidence.

J. Harold Traverse, of counsel for defendant, has filed an affidavit in which he avers, on information and belief, that no reports or statements were made in the regular course of business by the captain, the engineers, the firemen, or anyone else aboard the vessel following the accident; but that in course of his investigation of the case in preparation for trial in the instant case, he, as counsel for the defendant, obtained written memoranda from members of the crew, and also had photographs taken aboard the vessel. Under Rule 34, counsel for defendant object to producing these memoranda and photographs; and we think properly so, for such documents do not "constitute or contain evidence material to any matter involved in the action". They are not evidence at all, but are merely memoranda available for use at the trial when, and if, the respective persons making them are called to testify.

Defendant's counsel may submit an order in accordance with this opinion on notice to plaintiff's counsel.