## GROGAN v. PENNSYLVANIA R. CO.

Civ. A. No. 4523.

United States District Court
W. D. New York.

July 20, 1950.

Moule, Miles & Forehead, of Buffalo, N. Y., for plaintiff.

Harold J. Adams and Percy R. Smith, of Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Plaintiff, a citizen of New York, sues defendant, a citizen of Pennsylvania, to recover $50,000 for personal injuries and alleges that, on February 19, 1950, at about 7:45 P.M., while she was being transported in defendant's train from Washington, D. C., to Buffalo, N. Y., the car in which she was a passenger "was so recklessly, carelessly, and negligently operated as to cause (her) to fall to the floor * * * and to also strike one of the walls thereof," causing her specified personal injuries. (Paragraph Fifth.) The answer sets up as a separate defense that said injuries "were caused solely by reason of her own carelessness, recklessness and negligence."

Defendant served upon plaintiff five interrogatories pursuant to Fed.Rules Civ. Proc. rule 33, 28 U.S.C.A. The first two read as follows:

"1. State at what point on the defendant's track the train was when the alleged accident is claimed to have occurred.

"2. State the acts or omissions constituting the negligence claimed on behalf of the defendant as to the accident alleged in paragraph 'Fifth' of the complaint."

The remaining three interrogatories relate solely to the nature and extent of plaintiff's injuries, time she was confined to hospital and bed and costs of medical services.

Plaintiff now moves for "an order directing the defendant herein to produce and permit the inspection and copying or photographing of any documents, papers, accidents, statements and reports relating to a certain accident which occurred on the 19th day of February, 1950, when the plaintiff was injured while a passenger for hire

in one of the trains of the defendant
* * *."

This motion is supported by the affidavit of one of plaintiff's attorneys, who alleges:

"5. That the plaintiff by reason of the very nature of the accident and the severity of the injuries incurred therefrom is unable to answer all of the interrogatories and prepare for the trial of this action without an examination of certain books and records of the defendant and more particularly any records, statements or reports having to do with the times of arrival and departure of the train referred to in plaintiff's complaint; any statements regarding the plaintiff's accident or statements regarding the same accident to other passengers also on said train; the reports of the names and addresses of any passenger or other persons who were passengers in the car numbered 754 in which car the plaintiff was a passenger and any and all other records, reports and statements concerning the train referred to in plaintiff's complaint and the accident also referred to therein."

Plaintiff's motion must be denied. Such denial is justified under the following decisions:

Gill v. Col-Tex Refining Co., D.C., 1 F.R.D. 255; Seals v. Capital Transit Co., D.C., 1 F.R.D. 133; Vendola Corp. v. Hershey Choc. Corp., D.C., 1 F.R.D. 359; Hillside Amusement Co. v. Warner Bros., D.C., 7 F.R.D. 260; Bennett v. New York Central R. R. Co., D.C., 9 F.R.D. 17; Sonken-Galamba Corp. v. Atchison T. & S. F. R. R., D.C., 30 F.Supp. 936.

Plaintiff in her complaint has stated the precise time of the accident, to wit, February 19, 1950, at about 7:45 P.M. and in the affidavit supporting her motion has stated the number of the car, to wit, 754. In her complaint she alleges she was caused to fall to the floor of the car and also to strike one of the walls thereof. She apparently has sufficient information to answer the interrogatories and if she has not she should so state.

Plaintiff's motion is therefore denied.