**WILLIAM A. MEIER GLASS CO., Inc. v.
ANCHOR HOCKING GLASS CORP.**

Civ. 8399.

United States District Court
W. D. Pennsylvania.

Aug. 22, 1951.

488

T. Robert Brennan, Brennan & Brennan, all of Pittsburgh, Pa., for plaintiff.

Kenneth G. Jackson, and Thorp, Reed & Armstrong, all of Pittsburgh, Pa., for defendant.

STEWART, District Judge.

In this action the plaintiff corporation, a manufacturer of glassware, seeks to recover from the defendant corporation, likewise a glass manufacturer, damages for the alleged unauthorized use of the plaintiff's original "loop" design. The plaintiff had neither a patent nor a copyright on the "loop" design so that its right to recovery must rest solely upon its common law property right as the originator of the "loop" design. The plaintiff alleges that the defendant acquired knowledge of the "loop" design in October, 1948, when the plaintiff, seeking to interest the defendant in a flame polishing process which it had developed, sent the defendant three vases containing the design. It is further alleged that in November, 1948, representatives of the defendant, while at the plaintiff's manufacturing plant for the purpose of observing the flame polishing process in operation, requested and received two sample tumblers, one of which was decorated with the "loop" design. On January 10, 1949, both parties exhibited glassware bearing the design at a glass show held in Pittsburgh, Pennsylvania.

On a motion of the defendant to dismiss the action, this Court held that the public exhibition at the glass show on January 10, 1949 constituted a general publication of the "loop" design by the plaintiff and that thereupon the plaintiff's right to the exclusive use of the design ceased. 95 F.Supp. 264.

The case is now before the Court on plaintiff's motion under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C. requesting an order requiring defendant to produce for inspection, copying or photographing the following items and records:

"(a) 3 vases forwarded by plaintiff to defendant by mail in October 18, 1948;

"(b) 4 tumblers delivered to Mr. Austin C. Coy, an employee of the defendant corporation, on November 22, 1948;

"(c) duplicates of all glassware products shown in the January 1949 Pittsburgh Glassware Show being engraved with the 'Billows No. 1' design or the same design under any other name;

"(d) all books and records showing all orders and sales of glassware products secured at the January 1949 Pittsburgh Glassware Show for all glassware products engraved with the Anchor Hocking 'Billows No. 1' design or that same design under any other name and similar to plaintiff's 'Circle and Loop' design;

"(e) all records of sales of glassware products having thereon engraved defendant's 'Billows No. 1 design or the same design by any other name for the years 1948, 1949, 1950, and 1951;

"(f) all plans, drawings and sketches of defendant's 'Billows No. 1' design, or the same design under any other name;

"(g) all correspondence, including inter office memorandums, concerning the starting of production of the 'Billows No. 1' design or the same design by any other name;

"(h) all production records for the years 1948, 1949, 1950 and 1951 of glassware products engraved with the 'Billows No. 1' design or the same design by any other name;

"(i) books and records of all orders taken at all glassware shows in the United States in the years 1948, 1949, 1950 and 1951 for glassware products engraved with the defendant's 'Billows No. 1' design or the same design under any other name;

"(j) copy of all advertisements, together with place of insertion and/or distribution permitting the sale of glassware products engraved with the 'Billows No. 1' design or the same design under any other name;'.

"(k) records and/or correspondence showing the distribution of samples of defendant's glassware products having thereon engraved the 'Billows No. 1' design or the same design under any other name sent to salesmen, branch offices, jobbers and distributors."

Rule 34 provides, in part, "Upon motion of any party showing good cause

therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just." Numerous cases under this rule have made it clear that the right of the moving party is not absolute, but is dependent on the existence of certain conditions, namely:

1. It must be shown that there is "good cause" for the production and inspection of the desired material.

2. The items requested must be "designated" with reasonable definiteness and particularity.

3. The matters must not be privileged.

4. The requested items must constitute or contain evidence within the scope of the examination permitted by Rule 26(b).

5. The requested items must be within the possession, custody or control of the party upon whom demand is made.

Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1948, 8 F.R.D. 11; Michel v. Meier, D.C.W.D.Pa.1948, 8 F.R.D. 464.

The defendant contends that the plaintiff did not meet the first, fourth and fifth requirements.

■ Although several cases discuss "good cause" under Rule 34, none indicates with any degree of certainty what is meant by the term. See discussion by Judge Goodrich in footnote 4 to Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, at page 216. However, certain matters should, at least, be given consideration by the Court. These include practical convenience, necessity of the moving party in preparation of his case, facilitation of proof at the trial of the action, and aid in the progress of the trial. Gordon v. Pennsylvania R. Co., D.C.E.D.Pa.1946, 5 F.R.D. 510. In the final analysis, whether a motion under Rule 34 will be granted is a matter directed to the Court's discretion, and it is sufficient guidance to keep in mind the liberal objectives of the Rules of Civil Procedure. Gordon v. Pennsylvania R. Co., supra; Tague v. Delaware L. & W. R. Co. D.C.E.D.N.Y. 1946, 5 F.R.D. 337. See 2 Barron and Holtzoff Federal Practice and Procedure (Rules Ed. 1950) § 803, page 526.

■ It seems to us that items (a), (b) and (c) will facilitate the proof of the plaintiff's case, while items (d) to (k) inclusive, at least as to the years 1948 and 1949, will aid in the determination of the damages and that therefore "good cause" exists.

■ Rule 34 is expressly made subject to the scope of examination permitted by Rule 26(b), which provides, as follows:

"(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Under these rules, in order to grant a motion for the production of certain items, it must appear that the items are relevant to the subject matter of the action. Hirshhorn v. Mine Safety Appliances Co., supra; Michel v. Meier, supra. It is evident that items (a), (b) and (c) are relevant to the subject matter of this action, as tending to establish the plaintiff's "loop" design and to show under what circumstances

this design became known to the defendant. However, items (d) to (k) inclusive are relevant to the subject matter only to the extent that they might aid in the determination of damages during the period for which damages are recoverable. Since it has already been determined by this Court that the public exhibition in January, 1949 constituted a general publication by the plaintiff of the "loop" design, thereby ending its exclusive common law property right in the design, it necessarily follows that the right to damages is also at an end within a reasonable period after such publication. It is not now necessary to determine the extent of such reasonable time, but obviously it could not include the years 1950 and 1951. It is, therefore, our opinion that items (d) to (k) inclusive are relevant only with respect to records and documents covering the years 1948 and 1949. For the same reason it cannot be said that "good cause" exists for the production of the 1950 and 1951 records and documents requested in items (d) to (k) inclusive.

Furthermore, we are of the opinion that the plaintiff's motion must be denied not only with respect to the 1950 and 1951 records and documents, but to all of items (d) to (k) inclusive for the reason that the plaintiff has not sufficiently shown that these items are in the possession, custody or control of the defendant. As in the case of "good cause" the decisions have not indicated precisely what constitutes a sufficient showing of possession, custody or control. It has been held that the mere assertion of an opinion unsupported by facts is insufficient. Brach v. MacFadden Publications, Inc., D.C.S.D.N.Y.1940, 1 F.R.D. 445. It is also appropriate to note that the granting of a motion under Rule 34 is a matter directed to the court's discretion. It would seem, therefore, that any showing is sufficient which, on the record, satisfies the court that the items requested are in the possession, custody or control of the party to whom the request to produce is directed. Consideration should be given to the purpose of Rule 34. While "fishing expeditions" may be conducted under Rules 26 to

33 by the use of depositions and interrogatories, Rule 34 was not designed for this purpose. Stewart-Warner Corp. v. Staley, D.C.W.D.Pa.1945, 4 F.R.D. 333; Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D.C.W.D.Pa. 1940, 4 F.R.D. 328. Rather, the purpose of Rule 34 is to provide a method whereby a party may procure the production of certain specific items by order of the court. The purpose of Rule 34 is not to discover what exists but to force the production of items that do exist. An order to produce may not be made until the existence of the documents is established. Condry v. Buckeye S. S. Co., D.C.W.D.Pa.1945, 4 F.R.D. 310.

Although the plaintiff has filed an affidavit to the motion to produce, nothing therein pertains to the existence or location of items (d) to (k) inclusive. Plaintiff's efforts to comply with the requirement of showing that items (d) to (k) inclusive are in the possession, custody or control consists solely of the assertion in the motion itself that defendant has the possession, custody and control of the documents and items requested. No facts supporting this conclusion are alleged. It seems to us that, with respect to items (d) to (k) inclusive, the plaintiff is attempting to do under Rule 34 what he should properly do by depositions under Rule 26 or interrogatories under Rule 33. These items may not exist at all. After developing the facts as to the existence and the location of the items under one of the two indicated procedures, namely, by depositions or by interrogatories, if the defendant refuses to produce any of the requested items which are found to exist, and are in his possession, custody or control, the plaintiff may then invoke the aid of this Court under Rule 34 or may proceed by subpoena under Rule 45. See discussion in 2 Moore's Federal Practice (1938) § 34.03. With respect to items (d) to (k) inclusive, the Court would order the production of the 1948 and 1949 records and documents only for the reasons already stated.

In the affidavit attached to the motion, counsel for plaintiff states that items (a) and (b) were delivered to the defend-

ant by the plaintiff and that item (c) was seen by plaintiff's witnesses at the Pittsburgh glass show in January, 1949. More than a mere conclusion appears here. The affidavit sets forth some facts which support the conclusion appearing in the motion. Since items (a) and (b) were delivered to the defendant, it is reasonable to assume that these items remain in the possession or control of the defendant. See 2 Barron and Holtzoff Federal Practice and Procedure (Rules Ed.1950) § 795, page 492.

In its brief in opposition to the plaintiff's motion, the defendant states that it has been able to find only two of the three vases requested under item (a); that item (b) cannot be complied with by defendant; and that the plaintiff has not shown that item (c) exists or is presently in the possession of the defendant. However, the plaintiff has filed an affidavit setting forth the facts supporting the conclusion that items (a), (b) and (c) are in defendant's possession, custody or control. More than a denial in the brief is necessary to rebut the statements of the affidavit. The proper method to rebut the plaintiff's affidavit is to file an affidavit denying or limiting such statements. Although it would be better to present a more extensive showing of facts as to existence and possession of the items than has been done in this case, it seems to us that here there has been a minimum compliance with the requirements of Rule 34 with respect to items (a), (b) and (c).

Finally, the defendant urges that it should not be ordered to produce the requested items in Pittsburgh, Pennsylvania, for the reason that such an order would be oppressive and unreasonable. There would undoubtedly have been merit in this contention if the Court had granted the motion with respect to all of the items requested. However, it does not appear that it will be unduly oppressive or unreasonable to require the defendant to produce items (a), (b) and (c) at the offices of counsel for plaintiff in Pittsburgh, Pennsylvania. If it should so develop, then the defendant may seek relief from this Court under Rule 30 (b).

Therefore, the plaintiff's motion will be granted with respect to items (a), (b) and (c), but willl be denied with respect to items (d) to (k) inclusive.