See also 12 F.R.D. 199.

**TOBIN v. WKRZ, Inc.**

Civ. No. 9682.

United States District Court
W. D. Pennsylvania.
Jan. 31, 1952.

William S. Tyson, Sol., Washington, D. C., Ernest N. Votaw, Regional Atty., Philadelphia, Pa., for plaintiff.

Kenneth E. Rennekamp, Pittsburgh, Pa., for defendant

STEWART, District Judge.

Plaintiff brought this action to enjoin the defendant from violating various provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. The case is before the Court on plaintiff's motion to produce certain business records, pursuant to Rule 34 of the Federal Rules of ·Civil Procedure, 28 U.S.C. following § 723c, and on defendant's motion for a more definite statement, pursuant to Rule 12(e). At the oral argument of the motions, counsel for plaintiff stated that he was willing to give the defendant the additional information requested by defendant in the motion for a more definite statement provided his motion to produce was granted. In view of this statement by counsel for plaintiff, we shall first consider the motion to produce.

Plaintiff requests the Court to issue an order requiring the defendant to produce for inspection and copying each of the following documents:

(a) Records kept by the defendant of hours worked by defendant's employees from February 23, 1949 to September 29, 1951.

(b) Records kept by defendant of wages paid defendant's employees from February 23, 1949 to September 29, 1951.

(c) Check stub records of wages paid to defendant's employees from February 23, 1949 to September 29, 1951.

The only substantial objections of defendant are to the effect that some of these records are not in existence, and that this motion constitutes a mere fishing expedition by plaintiff.

In William A. Meier Glass Co. v. Anchor Hocking Glass Corp., D.C.W.D.Pa.1951, 11 F.R.D. 487, 489, this Court reviewed several cases decided under Rule 34 and discussed the requirements of the Rule as set forth in the Rule itself and as developed in several cases decided thereunder. Here, we need consider only one of these requirements since it is apparent that the others are met.

The only substantial objections asserted by defendant against plaintiff's motion to produce relate to the requirement that the requested items be within the possession, custody or control of the party upon whom demand is made. Although the cases have not indicated precisely what constitutes a sufficient showing of possession, custody or control, it seems to us that any showing is sufficient which, on the record, satisfies the Court that the items requested are within the possession, custody or control of the party to whom the request to produce is directed. William A. Meier Glass Co. v. Anchor Hocking Glass Corp., supra. In this regard, it should also be noted that while "fishing expeditions" may be conducted under Rules 26 to 33 by the use of depositions and interrogatories, Rule 34 was not intended for such purpose. Stewart-Warner Corp. v. Staley, D.C.W.D. Pa.1945, 4 F.R.D. 333. The purpose of Rule 34 is not to discover what exists but to force the production of items that do exist. William A. Meier Glass Co. v. Anchor Hocking Glass Corp., supra. An order to produce may not be made until the existence of the documents is established. Condry v. Buckeye S. S. Co., D.C.W.D. Pa. 1945, 4 F.R.D. 310. Records kept in

the ordinary course of business as required by various government regulations may be presumed to be in existence for the purposes of this rule and may be regarded as in defendant's possession or under its control.

In this case, the records requested by plaintiff are records which would be kept in the ordinary course of business. Furthermore, items (a) and (b) are records which the defendant is required to keep under Federal Regulations issued pursuant to the Fair Labor Standards Act of 1938. Counsel differ in opinion with respect to the length of time that the Regulations require defendant to retain these records. However, this is unimportant here since there is no suggestion that the records have been lost or destroyed.

Counsel for plaintiff has filed an affidavit, attached to the motion, and the portion relating to the matter now under discussion is as follows:

"Ernest N. Votaw, being first duly affirmed, says:

"1. That the time and wage payment records, production of which is requested by the above motion, are records required to be kept by the defendant by Regulations Part 516, promulgated by the Administrator of the Wage and Hour Division, United States Department of Labor, pursuant to the authority conferred upon him by Section 11(c) of the Fair Labor Standards Act of 1938; that said wage payments were made by check and the defendant therefore has in its possession check stubs for such payments."

Defendant filed no counter-affidavit, but merely stated at the oral argument that some of the records requested were not in existence. The proper method to rebut the plaintiff's affidavit is to file an affidavit denying or limiting such statements. William A. Meier Glass Co. v. Anchor Hocking Glass Corp., supra.

We are satisfied for the reasons stated that the records requested are within the possession, custody or control of defendant and that plaintiff's motion does not constitute a "fishing expedition" to determine what records exist but is an attempt to force the production of records that do exist, or at least, may be presumed to exist. Therefore, plaintiff's motion to produce will be granted.

Since we have granted plaintiff's motion to produce, defendant's motion need not be considered since counsel for the plaintiff is willing to comply without the order of this Court.