Irving S. GOLDMAN, Plaintiff-Appellant,

v.

CHECKER TAXI COMPANY, Inc., Defendant-Appellee.

No. 14083.

United States Court of Appeals Seventh Circuit.

Dec. 19, 1963.

Thomas F. Tobin, Joseph B. Lederleitner, Chicago, Ill., for plaintiff-appellant.

Julius Jesmer, Robert Jay Nye, Chicago, Ill., Jesmer & Harris, Chicago, Ill., of counsel, for defendant-appellee.

Before SCHNACKENBERG, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff has appealed from a judgment upon a verdict for defendant in a diversity personal injury case.

Plaintiff testified that he was injured on February 12, 1957, while a passenger in a Checker taxi cab in Chicago; that the cab in which he was riding · was struck from the rear by another Checker cab while stopped in a line of traffic on Archer Avenue; and that he did not think anybody got out of either cab after the accident.

Defendant denied the incident occurred, thus raising a fundamental issue at the trial. The decisive question before us arises from that issue. In this court defendant conceded that the verdict can be justified only upon a finding that the accident never occurred.

The fundamental issue rendered important the circumstances surrounding plaintiff's report of the occurrence to the defendant. There were discrepancies in plaintiff's testimony about the mem-

orandum he made after the occurrence, and in his identification of the cab and driver. A report of defendant showed that the cab driver's name was unknown to plaintiff when he called defendant to report the occurrence. There was testimony that neither alleged Checker driver reported the occurrence. In answer to a discovery interrogatory defendant indicated that the cab specified by plaintiff had not suffered damages the day of the occurrence.

■ In view of these circumstances, we think the district court properly denied plaintiff's motion for a directed verdict.

Before the trial plaintiff, pursuant to Rule 34,[1] moved for the production of documents relating to, among other things, personnel and payroll records of "Lewis Danco"; reports of accidents on February 12, 1957; and "trip sheets" and repair bills on "Taxi Cab Nos. 4093 and 4673" for damages on that date.[2] The motion was supported by a sworn statement that Checker had denied the happening of the occurrence. The district court denied the motion with respect to the records pertaining to the driver. Though it allowed the motion with respect to an important part of the remainder of the documents sought, defendant produced none of the documents, but merely answered, as if to interrogatories, with its own interpretation of the documents.

■ We agree with plaintiff that the district court's limitation of the motion —worsened by defendant's failure to comply with the district court's order— was prejudicially erroneous. Plaintiff was entitled under Rule 34 to have the documents produced for his inspection, and it was not enough for defendant to submit merely its own interpretation of the documents. In view of our conclusion, we need not pass on the question of the propriety of the court's quashing of a subpoena duces tecum directing defendant to produce employment records of the driver.

■ Rules 26 to 37, the discovery-deposition provisions of the Federal Rules, were intended to insure "proper litigation", Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947), by making the "trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). Accordingly, these provisions authorize either party to "compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, supra.

■ Plaintiff's motion was not given the "broad and liberal treatment" to which it was entitled. Hickman v. Taylor, supra. The limitation by the district court and defendant's failure to comply with the order as given had the effect of keeping the jury in the dark about the fundamental issue of occurrence. As a result, the only evidence plaintiff was able to produce of the occurrence to the jury was his own testimony. All other evidence, or information which might lead to evidence, was under the control of the defendant, with the exception of the interpretation of the documents which defendant furnished plaintiff.

1. Fed.R.Civ.P. 34 provides in pertinent part:

"Upon motion of any party showing good cause therefor * * * and subject to the provisions of Rule 30(b), the court * * * may (1) order any party to produce and permit the inspection * * * by or on behalf of the moving party, of any designated documents * * * which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *."

2. There was a previous motion under Rule 34 which was withdrawn. Both motions were identical, except that the first motion designated the driver's name as "Louis Danko" and the cab numbers as "4003 and 4673."

■ It is within the discretion of the district court to place bounds on the extent of discovery.[3] We think, however, that we should interfere with the district court's ruling, both because its limitation was improvident and it affected plaintiff's substantial rights. Roebling v. Anderson, 103 U.S.App.D.C. 237, 257 F.2d 615, 619 (1958).

We now dispose of several points raised by defendant in support of the judgment: We distinguish Sue v. Chicago Transit Authority, 279 F.2d 416 (7th Cir. 1960), since there the information in documents sought was already known and no showing of prejudice was made. Plaintiff's motion in the case at bar, indicating by facts the issue of occurrence, was a sufficient showing of "good cause" under Rule 34. Defendant did not contend below, except as to certain "trip sheets," that plaintiff was precluded from inspection of the documents because he did not show they existed. The documents were records kept in the ordinary course of defendant's business and presumably existed. McDowell Associates, Inc. v. Pennsylvania RR. Co., 20 F.R.D. 219 (S.D.N.Y.1957). Had the issue of existence been raised, plaintiff could have made proof of existence.[4]

■ There is no basis for the inference that Rule 34 was being improperly used here on a "fishing expedition," to "discover what exists" rather than to "force the production of items that do exist." Tobin v. WKRZ, Inc., 12 F.R.D. 200, 201 (W.D.Pa.1952). And in Fisher v. United States Fid. & Guar. Co., 246 F.2d 344, 350 (7th Cir. 1957), "it was obvious, when the order was entered, that it could not be complied with" because the automobile sought for inspection had been sold. Here defendant's business records are presumably under its "possession, custody, or control." United Mercantile Agencies v. Silver

Fleet Motor Express, Inc., 1 F.R.D. 709 (W.D.Ky.1941).

For the reversible error in denying plaintiff the motion to produce essential relevant documents and records in defendant's possession—aggravated by defendant's failure to produce documents according to the court's order—the case must be retried.

During the trial the jury unfortunately was informed that some of the plaintiff's bills had been paid under workmen's compensation and were not paid by him. Also the jury was informed that plaintiff had reported his "accident" to his own insurer before reporting to defendant. It is unnecessary to place the blame for these events. Neither circumstance had a place in the case and on retrial extra care should be used to exclude them.

■■ The court erroneously quashed the deposition of plaintiff's Dr. Gould, a Missouri osteopath who treated plaintiff from the date of the alleged incident to the trial. On April 29, 1960, in his Missouri office, he testified from memory alone, and refused, on defendant's demand, to produce his records of treatment of plaintiff. Since the doctor testified from memory alone, defendant was not entitled to have the records produced at the taking of the deposition. Echert v. United States, 188 F.2d 336, 343, 26 A.L.R.2d 752 (8th Cir.1951). The opportunity given by the district court to bring the doctor from Missouri with his records did not cure the error. The error should not be repeated in the retrial. If defendant wishes to obtain Dr. Gould's records, it has the opportunity to do so by appropriate procedures on remand.

For the reasons given, the judgment is reversed and the cause is remanded for a new trial.

---

3. Fed.R.Civ.P. 30(b).

4. The "proper method" to rebut plaintiff's sworn motion was for defendant to file

an affidavit denying existence. Tobin v. WKRZ, Inc., 12 F.R.D. 200, 202 (W.D. Pa.1952).